IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              MEMORANDUM

        Plaintiff,

                              10-cr-181-bbc

    v.

CUAUHTEMOC LUCERO-ALVAREZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In advance of the trial in this case, the government filed a memorandum regarding the admissibility of certain exhibits, specifically records from defendant's Alien file (A-File). The government wants to introduce these records of regularly conducted activity under the hearsay exception in Federal Rules of Evidence 803(6) and (8). Defendant objects, saying that the records are testimonial under the Supreme Court's recent ruling in <u>Melendez-Diaz v. Massachusetts</u>, 129 S. Ct. 2527, 2532 (2009).

      Having reviewed <u>Melendez-Diaz</u> and the other cases cited by the parties in their briefs on this issue, I am persuaded that, as a general rule, the documents the government wants to introduce under Rules 803(b) and (8) are admissible as exceptions to the hearsay rule. The government must prove that the documents were created by the Department of

1

Homeland Security employees acting under federal law, in connection with administrative proceedings and that they are records of a regularly conducted activity.

The mere possibility that routine documents made and retained by the Department of Homeland Security will be used at trial in the future does not make the documents testimonial under Melendez-Diaz. The majority opinion made this clear: "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." Id. at 2539-40. On the other hand, a certificate attesting to the fact that the clerk had searched for a particular relevant record and failed to find it may not be introduced unless the defendant had an opportunity to confront the clerk. Such a statement would be substantive evidence against the defendant whose guilt depended on the nonexistence of the record for which the clerk searched. Id. at 2539.

Thus the A-File documents are admissible to the extent they consist of documents that the Department of Homeland Security is required by law to compile. These documents are not prepared solely or primarily for use in evidence at trial. United States v. Orozco-Acosta, 607 F.3d 1156, 1163-64 (9th Cir. 2010) ("A warrant of removal must be prepared in every case resulting in a final order of removal, see 8 C.F.R. § 241.2, see also 241.3, and nothing in the record or judicially noticeable suggests that more than a small fraction of these

warrants ultimately are used in immigration prosecutions.") (citing <u>United States v. Burgos</u>, 539 F.3d 641, 645 (7th Cir. 2008) ("'The [warrant of removal's] primary purpose is to memorialize the deportation, not to prove facts in a potential future criminal prosecution.'")). The use of documents of this kind does not violate the confrontation clause. <u>See also</u> <u>United States v. Bahena-Cardenas</u>, 411 F.3d 1067, 1075 (9th Cir. 2005) (finding warrant of removal issued by Department of Homeland Security nontestimonial because it was not made in anticipation of litigation but was "simply a routine, objective, cataloguing of an unambiguous factual matter"; such a document has "'inherent reliability because of the Government's need to keep accurate records of the movement of aliens'") (quoting <u>United States v. Hernandez-Rojas</u>, 617 F.3d 533, 535 (9th Cir. 1980)).

However, a certificate of nonexistence of records showing that defendant had permission to reenter the country, known as the CNR, is not admissible under <u>Melendez-Diaz</u>. The fact of the search must be the subject of testimony by the person who conducted the search, as the government concedes. It has stated in its briefs that it intends to bring a

3

live witness on this point.

Entered this 14th day of April, 2011.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge